UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| RUSTAM SHIKHAKMEDOV, | Case No. 3:24-cv-00477-MMD-CSD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| CITY OF WINNEMUCCA, *et al.*, | |
| Defendants. | |

Pro se Plaintiff Rustam Shikhakmedov brings civil rights claims against the City of Winnemucca, the Winnemucca Police Department, Officer Richey, and Officer Ochoa to redress violations of his constitutional rights that he claims he suffered resulting from a traffic stop. (ECF No. 1-1 ("Complaint").) Plaintiff submitted his Complaint to the Court on October 16, 2024. The same day, the Court issued an advisory letter to Plaintiff informing him of relevant local rules. (ECF No. 2.) On September 17, 2025, the Court issued an order explaining that the case would be dismissed without prejudice for failure to prosecute under LR 41-1 if no action was taken by the same date. (ECF No. 3.) To date, no action has been taken in this case. Thus, and as further explained below, the Court will dismiss this case without prejudice.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order). In determining

whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of this case. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). This action cannot realistically proceed until and unless Plaintiff proceeds with his case. It has been over a year since Plaintiff has filed his Complaint. He has taken no other actions in this case, nor has he responded to the Court's prior order. The circumstances here do not indicate that Plaintiff needs additional

time, nor is there evidence that he did not receive the Court's orders. The Court could issue another order setting another deadline for Plaintiff to proceed with his case, but is not a meaningful alternative given these circumstances. So, the fifth factor favors dismissal.

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice—in its entirety—based on Plaintiff's failure to comply with the Court's order of September 17, 2025 and failure to prosecute his case.

The Clerk of Court is directed to enter judgment accordingly and close this case. If Plaintiff wishes to pursue his claims, he must file a complaint in a new case.

DATED THIS 20th Day of October 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE